CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Roanoke
SEP 2 6 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| ALONZO GILES, <br> Petitioner, | Civil Action No. 7:06-cv-00456 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, <br> Respondent. | By: Hon. Norman K. Moon <br> United States District Judge |

Petitioner Alonzo Giles, a federal inmate proceeding pro se, filed this action as a "Notice of Appeal for Review of Sentence under 18 U.S.C. § 3742." By order entered July 27, 2006, the court advised Giles that his pleading was most appropriately construed and addressed by the court as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255,[1] and that the court would so construe the pleading absent his objection within twenty days.[2] Because the twenty-day period has now expired, and no objection has been filed, the court will construe Giles' pleading as a § 2255 motion. However, for the following reasons, the motion is untimely. Therefore, the court will dismiss the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[3]

## Background

On May 17, 2004, Giles pled guilty to conspiring to distribute crack cocaine, in violation of

---

[1] The court noted that Giles' pleading raises a claim of ineffective assistance of counsel, which generally cannot be raised on direct appeal, and that a criminal defendant must ordinarily file a notice of appeal within ten business days from the entry of judgment.

[2] See Castro v. United States, 540 U.S. 375, 383 (2003) (holding that a district court must give a prisoner notice and an opportunity to respond before construing a mislabeled post-conviction motion as an initial § 2255 motion).

[3] Rule 4(b) provides, in pertinent part, as follows: "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

21 U.S.C. § 846. Giles was subsequently sentenced to a total term of imprisonment of 210 months. The judgment of conviction was entered on May 18, 2005. Giles did not attempt to timely appeal his conviction or sentence.

Giles mailed the instant motion on July 24, 2006. In the conditional filing order entered on July 27, 2006, the court also advised Giles that his motion appeared to be untimely under § 2255. Therefore, the court directed him to submit any additional evidence or argument regarding the timeliness of his motion within twenty days. As of this date, the court has not received a response from Giles.

## Discussion

Section 2255 has a one-year period of limitation. Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255, ¶ 6.[4] In this case, Giles' judgment of conviction was entered on May 18, 2005. Because Giles did not appeal his conviction, it became final on June 2, 2005, the date on which his time to appeal expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b) and 26(a). Therefore, Giles had until June 2, 2006 to file a motion under § 2255. Because Giles mailed the instant motion more than seven weeks after the one-year period of limitation expired, and he has not demonstrated any grounds

---

[4]Under § 2255, the one-year period of limitation begins to run on the latest of four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Here, Giles has not alleged anything to support the court's reliance on subsections (2), (3), or (4). Therefore, the court concludes that the one-year period of limitation began to run on the date Giles' conviction became final.

2

for equitable tolling, the motion must be dismissed as untimely.

## Conclusion

For the reasons stated, the court will dismiss the petitioner's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 26th day of September, 2006.

/s/ _____
United States District Judge